JGAUDIN, Judge.
This litigation involves a dispute between Shell Oil Company and The Siddiqui Group Enterprises, Inc. On February 5, 1998, Shell filed a petition for eviction of Siddiqui from 105 Airline Highway, Kenner, Louisiana, where Siddiqui was operating a Shell service station.
After a hearing on March 19, 1998, the trial judge ordered Siddiqui to vacate the premises within 24 hours. A suspensive appeal was taken. For reasons following, we set aside the eviction order signed March 20, 1998 and remand to the 24th Judicial District Court for further proceedings.
In 1991, Siddiqui purchased the gasoline station from a debtor in bankruptcy. Concurrent with the purchase of the business, contracts were executed between Siddiqui and Shell. These agreements were terminated in November, 1996 by mutual agreement and two new contracts entered into, a convenience store lease and a personnel services agreement.
According to the lease agreement, Siddiqui paid a minimal rent of $100.00 per month for the right to occupy the convenience store located on the premises, which building was constructed by and owned by Shell, and to sell convenience store products at that location. In both the lease and the personnel services agreement, Shell and Siddiqui agreed that the contracts could be terminated at any time by giving the other party at least 30 days advance written notice but the contracts are silent with regard to whether or knot cause for termination is required. The parties further agreed that if the personnel services agreement terminated for any reason prior to the expiration of the lease, the lease would end at the same time.
On January 1, 1998, Shell gave Siddiqui advance written notice of its intention to terminate the lease effective January 31, 1998. The advance written notice was delivered by hand and also sent by certified mail.
Siddiqui refused to vacate. Shell filed its Petition for Eviction on February 5, 1998. On February 17 th, Siddiqui filed exceptions of lis pendens, improper accumulation of actions, prematurity, vagueness, no cause of action and insufficiency of service of process. On March 16 th, Siddiqui filed an answer which included six affirmative defenses, charging Shell with unfair trade practices, failure to perform conditions of the contract, intentional interference with business relations and violation of terms of the Petroleum Marketing Act. The hearing was originally scheduled for February 17, but was continued.
On March 19 th, the day of the eviction hearing, Siddiqui attempted to file amended exceptions, an amended answer and amended affirmative defenses, including an allegation that Shell had accepted at least one rent payment after it had sent notice of termination of the lease to Siddiqui. Shell objected to Siddiqui’s March 19th pleadings. The district judge said the pleadings had not been timely filed and he disallowed them. The trial then proceeded, ending with a ruling from the bench in favor of Shell, ordering Siddiqui evicted.
¡¡The lease contains this clause:
“This Lease shall be binding from execution and shall be in effect for a term beginning on the effective date hereof and ending on 2/28/2002, unless sooner terminated pursuant to the provisions of this article 2 or other provisions of this Lease. Either Shell or Lessee may terminate this lease at any time by giving the other at least 30 days’ advance written notice. If the Personnel Services Agreement concurrently existing between Shell and Lessee is terminated for any reason prior to the expiration of the term of this Lease, this Lease shall automatically terminate at the *1199 same time the Personnel Services Agreement terminates.”
At the hearing, after listening to and considering what he believed relevant, the trial judge stated from the bench:
“I do not see a lease that is set forth that provides for termination based upon cause and cause means in this instance that one of the parties must allege that another party has committed these violations of the terms and condition of the lease. If such a cause clause existed, it would then permit a responding party or the lessee an opportunity to come in and say he has in fact performed those and the other party hasn’t done what he should have. But as I read the issue, unless you can show me where I am misreading it, the lease provides for a termination of 30 days notice. It has no requirement that a party has not performed its responsibility, either one of them, and it says at any time either Shell or lessee may terminate this lease at any time by giving the other at least 30 days advance written notice, and I see nothing in here that says it’s termination based upon the misconduct of either party. As I read the lease, everybody could have been doing what they were supposed to have been doing. Rents could have been timely paid. Performances could have been timely, but if either party decided that they no longer wanted the contract, they had a right under this lease to, as I read fait, to terminate it within a 30 day notice.”
Clearly, the trial judge found that Shell could terminate the lease in 30 days without any reason or cause. This was error. Initially, we note that there is no wording precisely indicating that the lease could be ended without cause. This being the case, the sentence “Either Shell or lessee may terminate the lease at any time by giving the other at least 30 days’ advance written notice” must be read in conjunction with the preceding sentence, which says that the lease expires on 2/28/2002 “... unless sooner terminated pursuant to the provisions of this article 2 or other provisions of the lease.” This appears to be a distinct contract reference to causes for termination of the agreement.
Another reference to cause, in section 14 of the lease, states that in the event lessee defaults in payment of rent or defaults in performance or observance of any other covenant or condition of the lease, Shell can give the lessee a 10-day notice to cure the defect. Failure to cure the defect gives Shell the right to evict and to repossess the station.
The lease and personnel services contracts were prepared by Shell. It is well settled that any ambiguity or uncertainty in an agreement is construed against the party who prepared the document.
We are of the further opinion that the trial judge, in view of the facts and circumstances of this case, should have accepted and given consideration to Siddiqui’s March 19th pleadings. The lease did not state that it was subject to termination without cause; also, Shell did not argue that it was either surprised or prejudiced.
j,We are not saying that Shell is not able to terminate the contracts. We do say that cause for termination is an issue that should first be resolved.
EVICTIONS ORDER SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
DALEY, J., concurs with reasons.